

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL NICOLAS RIVERA CUETO,<br><br>Defendant. | Case No. 25-MJ-4959<br><br>ORDER OF DETENTION |

I.

On August 12, 2025, Defendant Manuel Nicholas Rivera Cueto made his initial appearance in this district on the superseding indictment filed in the District of Massachusetts. Deputy Federal Public Defender James Threatt was appointed to represent Defendant. The government was represented by Assistant United States Attorney Nicholas Purcell. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered the information presented at the hearing, the arguments of counsel, the report and recommendation prepared by U.S. Probation and Pretrial Services, and the motion for detention filed by the government in the District of Massachusetts, Case No. CR24-10138-LTS-MPK.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant has family ties to the Dominican Republic and while Defendant is a lawful permanent resident in the U.S., he is a citizen of the Domincan Republic.

☒ Defendant's proposed surety, his girlfriend, may have been involved (knowingly or unwittingly) in the charged offenses given the use of her rideshare accounts to pick up cash from the elderly victims.

As to danger to the community:

☒ Allegations in the superseding indictment involve a conspiracy with others to obtain funds from senior citizens in the United States by making telephone calls purporting to be their grandchildren who have had an accident and requesting immediate payment of funds to help them. Defendant is alleged to have arranged for drivers from ride-share companies to pick up proceeds from the fraud from the victims. The government alleges that between October 2022 and May 2023, Defendant arranged for $1 million in cash to be delivered to rideshare drivers from over 85 victims.

☒ Defendant continued to engage in the offense conduct even after (1) being apprised of the investigation in May 2024, following a search of his residence; and (2) charged in Nevada with picking up cash from elderly victims in August 2024 and this is an active fraud case. Defendant was convicted of similar

offense conduct in California in January 2025. Defendant is currently on probation with Los Angeles County.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and transported to the United States District Court for the District of Massachusetts for further proceedings.

The Court directs both government counsel and defendant's counsel to follow up with government counsel in the charging district regarding Defendant's transportation to, and arrival in, the charging district for his next appearance.

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 13, 2025

/s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3